IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| KENNETH DUPUIS<br><br>Plaintiff,<br><br>vs.<br><br>BUREAU OF INDIAN AFFAIRS,<br><br>Defendant. | CV-10-21-M-DWM-RKS<br><br>**FINDINGS AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff, Mr. Kenneth Dupuis, filed a Complaint against Defendant, Bureau of Indian Affairs ("BIA"), under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), seeking tort damages for Defendant's failure to approve a lease. Mr. Dupuis is proceeding pro se. Pending are Mr. Dupuis and BIA's Motions for Summary Judgment. It is recommended that BIA's motion be granted because Mr. Dupuis' claim is barred by the discretionary function exception to the FTCA.

# JURISDICTION AND VENUE

Jurisdiction lies pursuant to 28 U.S.C. § 1346. Venue is proper. 28 U.S.C. § 1391. This matter has been referred to the undersigned for findings and recommendations. (C.D. 10)

# FACTS

Mr. Dupuis requested an appraisal for Allotment 1914-B, an Indian trust land of which he is part-owner, from the Confederated Salish and Kootenai Tribes Department of Lands ("Department") on January 30, 2006. C.D. 18. The appraisal was for a lease he was negotiating with Mr. Bryan Seidita. Mr. Seidita wanted to start a restaurant and possibly other businesses on the property. C.D. 18, p.2. The property is held in fractionated interests by many individuals and CSKT. C.D. 21, p. 12-13. Mr. Dupuis owns a 55/450 interest, and claims to have power of attorney to represent the interests of five of the other individual owners. C.D. 21, p. 13.

On February 1, 2006, Mr. Dupuis sent the Department a draft of the lease. C.D. 21, p. 13. The Department sent the draft to the Tribal Legal Department. The Tribal Lands Department decides whether to recommend a lease to the Superintendent of the BIA. C.D. 22, p. 6. The Tribal Legal Department advises the Tribal Lands Department on legal issues. C.D. 22, p. 6. The Tribal Legal

Department requested more information and expressed concerns about Mr. Dupuis' lease. C.D. 22, p. 4-5. These concerns included the legal description used, vague language regarding additional businesses, and sale and possible removal of improvements on the property. C.D. 22, p. 5. The Tribal Legal Department later expressed further concerns regarding whether CSKT, as part-owner of the property, should lease to a business that included a bar. C.D. 22, p. 6.

The lease problems conveyed to Mr. Dupuis by the Tribal Lands Department were never ameliorated to the Department's satisfaction. C.D. 22, p. 6. Mr. Dupuis' lease was not recommended for approval to the BIA. C.D. 22, p. 7.

Mr. Dupuis filed a complaint against BIA on March 11, 2010, alleging the Department negligently failed to approve his proposed lease. C.D. 1. Mr. Dupuis filed a motion for summary judgment on March 9, 2011. C.D. 18. BIA filed a motion for summary judgment and in response to Plaintiff's motion for summary judgment on March 16, 2011. C.D. 19. Mr. Dupuis did not respond to BIA's motion, and he provided no discussion of the discretionary function exception's applicability in his summary judgment motion.

## **DISCUSSION**

**Summary Judgment Standard**

Summary judgment is appropriate when no genuine issue of material fact

exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-250.

The moving party bears the initial burden of showing absence of any genuine issues of material fact. *Celotex v. Catrett*, 477 U.S. 317 (1986). If the moving party meets this burden, the non-moving party may not rest upon its pleadings, but must come forward with specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine issue for trial as to the elements essential to the non-moving party's case. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 256. In so doing, the non-movant must specifically identify evidence of record, as opposed to general averments, which support his claim and upon which a reasonable jury could base a verdict in his favor. *Celotex*, 477 U.S. at 322. The non-movant cannot avoid summary judgment by resting on bare assertions, general denials, conclusory allegations or mere suspicion. Fed.R.Civ.P. 56(e); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 886-88 (1990). The mere existence of some

factual dispute will not defeat a motion for summary judgement; the requirement is that there be no genuine issue of material fact. *Anderson*, 477 U.S. at 248.

**I. Plaintiff's FTCA Claim is Barred by the Discretionary Function Exception**

The Indian Self-Determination and Education Assistance Act of 1975 (ISDEAA) allows the Secretary of Interior to contract with tribes for federal services. 25 U.S.C. §§ 450-450(n). To limit the liability of tribes entering these compacts, Congress "provided that the United States would subject itself to suit under the Federal Tort Claims Act ("FTCA") for torts of tribal employees hired and acting pursuant to such self-determination contracts under the ISDEAA." *Snyder v. Navajo Nation*, 382 F.3d 892, 897 (9th Cir. 2004). The exceptions to the FTCA also apply to claims brought against tribal organizations contracting under the ISDEAA. *Bear Medicine v. United States*, 241 F.3d 1208 (9th Cir. 2001); *Webster v. United States*, 823 F.Supp. 1544 (D.Mont. 1992). The United States has the burden of proving an exception to the FTCA applies. *Prescott v. United States*, 959 F.2d 793 (9th Cir. 1992).

The discretionary function exception is codified as follows:

The provisions of this Chapter and Section 1346(b) of this title shall not apply to: (a) Any claim based upon an act or omission of an employee of the government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to perform a discretionary function or duty on

the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

A two-step test determines if the discretionary function exception applies. *Berkovitz v. United States*, 486 U.S. 531 (1988). First, the challenged action must involve an element "of choice for the acting employees: [T]he discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Summers v. United States*, 905 F.2d 1212, 1214 (9th Cir. 1990) (quoting *Berkovitz*, 486 U.S. at 536.)

If the first step is met, the second step requires the judgment be "grounded in social, economic, or political policy." *Berkovitz*, 486 U.S. at 536. "The decision need not be actually grounded in policy considerations, but must be, by its nature, susceptible to a policy analysis." *Miller v. United States*, 163 F.3d 591, 593 (9th Cir. 1998). A government employee's acts are presumed to be grounded in policy when he exercises discretion at step one. *Id.* at 594. The discretionary function exception applies even if the discretion involved is abused. 28 U.S.C. § 2680(a); *Gaubert*, 499 U.S. at 334. The exception applies to employees managing day-to-day affairs, not just to upper management. *Gaubert*, 499 U.S. at 325.

The discretionary function exception applied to the BIA's decision to approve a lease for trust land used for auto racing in Montana. *Webster*, 823 F.Supp. at 1552. *Webster* involved a wrongful death suit against the BIA for a death that occurred at a race track on trust land leased by the BIA. The Tribe in *Webster* negotiated the lease, and only after its negotiations were complete was the lease submitted to the BIA for approval. The court found that "with the exception of the requirement that 'no lease shall be approved or granted at less than the present fair rental value,' the regulations do not specify under what circumstances the Secretary should or should not approve a lease." *Id.* at 1548. The regulations governing lease approval gave the Secretary broad discretion, and that discretion "is unquestionably grounded in policy considerations relating to Indian Self-Determination." *Id.* Specifically, the Tribe's negotiation of the lease was consistent with the political and social policies of advancing tribal business relations. *Id.* at 1550. Thus, the BIA's deferral to the tribes in this manner fell under the discretionary function exception. *Id.*

Mr. Dupuis' FTCA claim is barred by the discretionary function exception because both statutory steps are met. First, the Tribal Lands Department employees, who are federal employees for FTCA purposes, were within their discretion in requiring Mr. Dupuis to provide more information before approving

his lease. The regulations for leasing trust land leave the Defendants broad discretion in negotiating details of the lease. Defendants are only required to "assist Indian landowners in leasing their land, either through negotiations or advertisement" and "defer to the landowners' determination that the lease is in their best interest, to the maximum extent possible." 25 C.F.R. § 162.107. The Department was unable to determine if the lease would be in all of the landowners' best interests without the information it sought from Mr. Dupuis–information that was either never provided to the Department, or provided too late to be of use. Step one of the discretionary function exception is met in this case.

Step two is also satisfied because the Defendant's discretion involves political, economic, and social decisions. The Department did not recommend the lease for approval because Mr. Dupuis did not provide adequate business plans, engineer drawings, a correct legal description of the property, or description of potential future businesses, among other things. C.D. 23, p. 14. The Department was concerned whether the Tribe, as part-owner, should lease its property to a bar. The Department was also concerned that not all the minority owners of the property agreed on compensation for the lease. C.D. 23, p.13. Despite these concerns, and with no obligation to do so, the Department spent over $6,000 to provide Mr. Dupuis an appraisal and survey of the property free of charge. C.D.

23, p. 12. Even after this assistance, Mr. Dupuis was still not able to provide the Department with all the information it needed to recommend the lease to the Superintendent. As in *Webster*, these decisions made by the Defendant were economic, political, and social in nature, as was the BIA's decision to give the Tribe discretion to negotiate leases. Step two of the discretionary function exception is therefore met, and Mr. Dupuis' claim is constrained.

Mr. Dupuis did not respond to the Defendant's motion, so the undersigned could only rely on the Defendant's arguments and independent research in considering these motions. However, any response by Mr. Dupuis would likely have been futile because the discretionary function exception clearly applies in this case. Even if, as Mr. Dupuis claims, the Defendant was negligent or dilatory in either assisting him in the leasing process or not recommending his lease for approval, the discretionary function exception still applies. The statute states that the exception applies "whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Given the lengths the Defendant went to assist Mr. Dupuis in preparing his lease, it does not appear the Defendant abused its discretion. However, even if it had, Mr. Dupuis' claim would still be barred.

Therefore, it is **RECOMMENDED:**

1. Plaintiff's Motion for Summary Judgment (C.D. 18) be DENIED.

2. Defendant's Motion for Summary Judgment (C.D. 19) be GRANTED.

**Notice of Right to Object to**
**Findings & Recommendations and Consequences of Failure to Object**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Dupuis may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of

Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 17th day of May, 2011.

/s/Keith Strong
Keith Strong
United States Magistrate Judge